Peter Karanjia (admitted *pro hac vice*)
**DLA PIPER LLP (US)**
500 8th Street, NW
Washington, D.C. 20004
Tel.:     (202) 799-4000
Email: peter.karanjia@us.dlapiper.com

Kathleen S. Kizer (SBN 246035)
**DLA PIPER LLP (US)**
500 Mission Street, Suite 2400
San Francisco, CA 94105
Tel.:     (415) 836-2500
Email: kathy.kizer@us.dlapiper.com

Ben C. Fabens-Lassen (SBN 348874)
Gaspard Rappoport (SBN 340335)
**DLA PIPER LLP (US)**
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, CA 90067
Tel.:     (310) 595-3000
Email: ben.fabens-lassen@us.dlapiper.com
Email: gaspard.rappoport@us.dlapiper.com

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ASSURANCE WIRELESS USA, L.P.; METROPCS CALIFORNIA, LLC; SPRINT SPECTRUM LLC; T-MOBILE USA, INC.; and T-MOBILE WEST LLC,<br><br>                    Plaintiffs,<br><br>     v.<br><br>ALICE B. REYNOLDS, President of the California Public Utilities Commission, in her official capacity, et al.,<br><br>                    Defendants. | Case No. 3:23-cv-00483-LB<br><br>**PLAINTIFFS' EMERGENCY MOTION FOR A STAY PENDING APPEAL**<br><br>Courtroom:  Courtroom B, 15th Floor<br>Judge:         Hon. Laurel Beeler<br><br>Complaint Filed:  February 1, 2023 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiffs Assurance Wireless USA, L.P.; MetroPCS California, LLC; Sprint Spectrum LLC; T-Mobile USA, Inc.; and T-Mobile West LLC (collectively, "Plaintiffs") will and hereby do move the Court, pursuant to Rule 62(d) of the Federal Rules of Civil Procedure, Rule 8(a)(1) of the Federal Rules of Appellate Procedure, and the All Writs Act, to (1) stay enforcement of the rule adopted by the California Public Utilities Commission (the "CPUC") in Decision 22-10-021, 2022 WL 16782574 (Cal. P.U.C. Oct. 20, 2022) (the "Connections-Based Rule"), against Plaintiffs pending appeal, or (2) in the alternative, issue an administrative stay pending a decision by the Ninth Circuit Court of Appeals on a forthcoming motion for stay pending appeal.[1]  This emergency motion (the "Motion") is based on this notice of motion, the supporting memorandum, and Plaintiffs' submissions in support of its underlying motion for a preliminary injunction.

Because the CPUC Decision directs Plaintiffs to start implementing the Connections-Based Rule starting on April 1, 2023, **Plaintiffs respectfully request that this Court rule on this Motion by no later than April 7, 2023**.  To that end, Plaintiffs are filing a motion to shorten time under Civil Local Rule 6-3(a)(4) alongside this Motion, and do not request oral argument on either Motion.

If this Court declines to grant a stay pending appeal, at a minimum, Plaintiffs respectfully request that **the Court issue an administrative stay of the Connections-Based Rule to afford the Ninth Circuit a sufficient opportunity to consider briefing of, and decide, a motion for a stay pending appeal.**  Consistent with Ninth Circuit Rule 27-2, Plaintiffs would file any such motion within seven days of a denial of this Motion.

---

[1] Concurrently with this filing, Plaintiffs filed a Notice of Appeal from the Court's order denying Plaintiffs' motion for a preliminary injunction.  Dkt. 38.

# INTRODUCTION

Plaintiffs file this emergency motion to request a stay of the CPUC's connections-based rule pending appeal. Because the CPUC's Decision directs Plaintiffs to start implementing the new rule starting on April 1, 2023,[1] Plaintiffs respectfully request action on this Motion by no later than April 7, 2023. In the alternative, and at a minimum, Plaintiffs request an administrative stay pending the Ninth Circuit's adjudication of a stay motion that Plaintiffs will promptly file if this Court declines to grant a stay pending appeal. An administrative stay would ensure that the Ninth Circuit has a sufficient opportunity to consider briefing of a stay motion that may obviate further irreparable harms to Plaintiffs under the new rule.

A stay pending appeal is warranted where, as here, the movant has shown "reasonable probability" or "fair prospect" of appellate success, *F.T.C. v. Qualcomm Inc.*, 935 F.3d 752, 755 (9th Cir. 2019), or a "substantial case on the merits," *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). As other courts in this Circuit have held, denying a preliminary injunction (including based on the conclusion that the plaintiff has not shown a likelihood of success on the merits) does not foreclose a grant of a stay pending appeal. "If anything, a flexible approach is even *more* appropriate in the stay context" than in the preliminary injunction context. *Al Otro Lado v. Wolf*, 952 F.3d 999, 1007 (9th Cir. 2020). Applying that flexible approach, a stay pending appeal—or, at the very least, an administrative stay—is appropriate here.

The balance of the equities supports grant of a stay. Plaintiffs made a strong, unrebutted showing of irreparable harm, and the CPUC made no contrary showing. Indeed, this Court recognized that "[t]he PUC did not challenge the financial, reputational, and competitive harm that the plaintiffs allegedly will suffer." Dkt. 37 (PI Order) at 17; *see also id.* at 17-18 (recognizing that unrecoverable financial losses and loss of goodwill may constitute irreparable harm). Nor will the CPUC suffer any harm from a stay during the pendency of Plaintiffs' appeal. In its opposition to Plaintiffs' preliminary injunction motion and at oral argument on the motion, the CPUC failed to identify any harm to its Universal Service programs—and there certainly would not be any program funding shortfall during the time it takes to resolve Plaintiffs' appeal. Finally, the public interest weighs in

---

[1] *See* Decision at 59-60, 76.

1

PLAINTIFFS' EMERGENCY MOTION FOR STAY PENDING APPEAL
*Assurance Wireless USA, L.P., et al. v. Reynolds, et al.*, Case No. 3:23-cv-00483

favor of a stay pending appeal, as confirmed by comments filed with the CPUC by consumer groups and the *amicus* brief filed in this Court by civil rights organizations in support of Plaintiffs.

A stay pending appeal—or, at a minimum, an administrative stay to preserve the Ninth Circuit's ability to consider briefing of a motion for a stay pending appeal and grant meaningful relief—is warranted.

## ARGUMENT

### I. Legal Standard.

Courts in this Circuit apply the traditional factors for injunctive relief—evaluating likelihood of success on the merits, irreparable harm, the balance of the equities, and the public interest—when ruling on motions for stays pending appeal. *See, e.g.*, *Leiva-Perez*, 640 F.3d at 966-67. The factors are assessed on a "sliding scale." *Al Otro Lado*, 952 F.3d at 1007. "'If anything, ***a flexible approach is even more appropriate in the stay context***.'" *Id.* (emphasis added).

As to likelihood of success, in the stay context, Plaintiffs need not show that they are "more likely than not" to succeed on the merits. *Leiva-Perez*, 640 F.3d at 966. A "reasonable probability" or "fair prospect" of success is sufficient. *Qualcomm Inc.*, 935 F.3d at 755. Plaintiffs can also prevail by demonstrating they have a "substantial case on the merits." *Leiva-Perez*, 640 F.3d at 967-68 (citation omitted).

### II. Plaintiffs Have Satisfied the Requirements for Obtaining a Stay Pending Appeal.

**1. At a Minimum, Plaintiffs Have Presented a Substantial Case on the Merits and a "Fair Prospect" of Appellate Success.**

Although this Court's recent Order concluded that Plaintiffs are not likely to succeed on the merits, that conclusion does not foreclose issuance of a stay. *See, e.g.*, *Align Tech., Inc. v. SmileDirectClub, LLC*, No. 23-cv-23-EMC, 2023 WL 2347431, at *1 (N.D. Cal. Mar. 3, 2023) (granting stay even though the court "does not believe" the stayed portion of its ruling "was erroneous").[2] Plaintiffs articulated three *independent* grounds on which federal law preempts the

---

[2] *See, e.g.*, *Ctr. for Int'l Env't Law v. Off. of U.S. Trade Representative,* 240 F. Supp. 2d 21, 22 (D.D.C. 2003) (granting stay pending appeal because, "although the Court ultimately did not agree with defendants' position on the merits," the "Court's decision centered on a novel and 'admittedly difficult legal question' weighs in favor of a stay."); *E.E.O.C. v. FedEx Corp.*, No. 06-276-TUC-RCC, 2007 WL 9734298, at *2 (D. Ariz. Oct.

2

PLAINTIFFS' EMERGENCY MOTION FOR STAY PENDING APPEAL
*Assurance Wireless USA, L.P., et al. v. Reynolds, et al.*, Case No. 3:23-cv-00483-LB

CPUC's connections-based rule: (i) the rule is facially "inconsistent with" the FCC's Universal Service rules in violation of 47 U.S.C. § 254(f); (ii) the rule violates Section 254(f) and the FCC's requirement of competitive neutrality by unfairly discriminating against Plaintiffs as compared with local exchange carriers; and (iii) the rule unfairly discriminates against Plaintiffs Assurance and MetroPCS in their roles as providers of wireless service to low-income participants in the federal Affordable Connectivity Program, as compared with wireless carriers who are exempt from the connections-based rule when they provide similar service to low-income participants in the LifeLine program. Plaintiffs set forth these preemption arguments in detail in their prior submissions and will not repeat them here. Dkt. 4 (PI Br.); Dkt. 33 (PI Reply). Although this Court ultimately rejected these arguments, Plaintiffs at the very least presented a "substantial case on the merits," *Leiva-Perez*, 640 F.3d at 967-68, and a "fair prospect" of success on appeal, *Qualcomm Inc.*, 935 F.3d at 755. That is all that is needed to satisfy the first prong of the stay analysis.

The Court also described *Utility Reform Network v. California Public Utilities Commission*, 26 F. Supp. 2d 1208, 1214 (N.D. Cal. 1997) ("*TURN*"), as "driv[ing] the outcome here." Dkt. 37 at 13. But *TURN* is a non-precedential district court decision,[3] and this Court identified no Supreme Court or Ninth Circuit precedent on point that forecloses Plaintiffs' preemption arguments. Under these circumstances, a stay is entirely appropriate. *See, e.g.*, *Echevarria v. Aerotek, Inc.*, No. 16-cv-04041-BLF, 2019 WL 3207812, at *2 (N.D. Cal. July 16, 2019) (granting stay despite rejecting the movants' merits arguments, where movants presented "serious legal questions" and there was no binding Ninth Circuit precedent "squarely on point"); *see also Mohamed v. Uber Techs.*, 115 F. Supp. 3d 1024, 1029 (N.D. Cal. 2015) (explaining that a "serious legal issue" or "substantial case" is "one that raises genuine matters of first impression within the Ninth Circuit," or which may "otherwise address a pressing legal issue which urges that the Ninth Circuit hear the case"); *Azurin v. Von Raab*, 792 F.2d 914, 915 (9th Cir. 1986) (granting stay where movant "raise[d] a number of serious and complex legal questions," "[t]he issues presented on appeal [were] substantial and of

---

5, 2007) (similar); *U.S. Commodity Futures Trading Comm'n v. Worth Bullion Grp., Inc.*, No. 1:12-cv-2431, Dkt. No. 77 at 2 (N.D. Ill. Nov. 8, 2012) (granting a stay pending appeal because "respondents have at least some chance of success on appeal because, as both sides agree, the issue is one of first impression").

[3] Regardless, Plaintiffs respectfully submit that *TURN* addressed a different situation and its reasoning has no application here. *See* Dkt. 33 (PI Reply) at 7-9.

3

public importance," and "[t]here [was] a clear public interest in their proper resolution"). At a minimum, the substantial legal issues Plaintiffs raised—confirmed by the extensive colloquy at the recent oral argument regarding the import of the "inconsistent with" language in Section 254(f) of the Communications Act—support issuance of a stay pending appeal.

**2. The Balance of Equities and Public Interest Favor Issuance of a Stay Pending Appeal.**

The remaining factors also weigh in favor of granting the requested relief. Absent a stay, Plaintiffs will suffer ongoing severe and irreparable harm that could not be remedied even if Plaintiffs ultimately prevailed on appeal. Plaintiffs detailed these harms—which include unrecoverable multi-million-dollar losses for *every month* the connections-based rule is in effect, loss of business, and harms to Plaintiffs' brands and customer goodwill—in the Barnes Declaration and their preliminary injunction briefs. *See* Dkt. 4-14 (Barnes Decl.) at ¶¶ 20-37; Dkt. 4 (PI Br.) at 22-24; Dkt. 33 (PI Reply) at 13-14. As this Court recognized (Dkt. 37 at 17), the CPUC failed to introduce any evidence to refute these showings, which the Court credited (*id.*).

In stark contrast, the CPUC failed to show it will suffer *any* prejudice or harm if the effective date of the connections-based rule is suspended. Notably, the CPUC made no claim that staying the effective date would cause any underfunding of its Universal Service programs. *See* Dkt. 4 (PI Br.) at 13 & n.9, 24-25; Dkt. 28 (PI Opp.) at 18-20. Instead, the CPUC relied on vague and wholly unsubstantiated assertions that maintaining its current and longstanding revenues-based approach somehow would be unsustainable over the "long term." Dkt. 28 (PI Opp.) at 5. But even if that were true, there is no suggestion that any adverse financial impact would occur *in the time it takes to resolve Plaintiffs' appeal*.[4] Given the CPUC's conceded ability to make any necessary adjustments to its surcharge rates to ensure full and stable funding for its Universal Service programs,[5] there is certainly no risk to those programs during the pendency of the appeal.

---

[4] On average, the Ninth Circuit issues an opinion 13 months after the appellant files a Notice of Appeal. *See* https://www.uscourts.gov/sites/default/files/data_tables/jb_b4a_0930.2021.pdf.

[5] The CPUC concedes that it can maintain full funding under its current revenues-based approach by "increas[ing] the surcharge amount." Dkt. 28 (PI Opp.) at 5. Similarly, the CPUC staff confirmed that, if "a program's remittance rate requires an increase or decrease to reflect the program's support needs, the Commission adopts these changes via a resolution." Dkt. 4-2 (Karanjia Decl.) at 14, Ex. 4 (Staff Report—Part 1) at 9. The CPUC staff pointed to rate adjustments as recent as December 2020 and acknowledged that any "program revenue decrease will be mitigated by a surcharge rate increase." *Id.* at 13.

4

PLAINTIFFS' EMERGENCY MOTION FOR STAY PENDING APPEAL
*Assurance Wireless USA, L.P., et al. v. Reynolds, et al.*, Case No. 3:23-cv-00483-LB

Finally, while this Court concluded that "the public interest is advanced by sustaining universal service," which the Court understood the CPUC rule to further, Dkt. 37 at 18, consumer groups, individuals appearing before the CPUC, and civil rights organizations appearing as *amici* before this Court all confirmed that the new connections-based rule will have severely detrimental impacts on the public—in particular, lower-income and marginalized communities.  Among other things, it will cause surcharge rates to surge from an average of $0.27 per customer per month to $1.11—with an especially severe burden on multi-member households who rely on their wireless phones to access the internet and other communications services.  *See, e.g.*, Dkt. 4 (PI Br.) at 10-12; Dkt. 23 (*Amicus* Br. for Multicultural Media, Telecom & Internet Council, ALLvanza, CA & HI Conference of the NAACP, and LatinoJustice PRLDEF) at 4, 7.  The CPUC cannot (and did not) dispute this evidence.  Moreover, Plaintiffs' showing of, at a minimum, a substantial case on the merits further weighs in favor of a stay because it "is clear that it would not be equitable or in the public's interest to allow the state to violate the requirements of federal law, especially when there are no adequate remedies available."  *Ariz. Dream Act Coal. v. Brewer,* 855 F.3d 957, 978 (9th Cir. 2017) (citation omitted).

## CONCLUSION

The Court should grant this Motion and stay the connections-based rule pending Plaintiffs' appeal or, in the alternative, grant an administrative stay of the rule pending the Ninth Circuit's ruling on a motion for a stay pending appeal.  *See Doe #1 v. Trump*, 944 F.3d 1222, 1223 (9th Cir. 2019) ("A temporary stay in this context (sometimes referred to as an administrative stay) is only intended to preserve the status quo until the substantive motion for a stay pending appeal can be considered on the merits, and does not constitute in any way a decision as to the merits of the motion for stay pending appeal."); *see also NML Cap. Ltd. v. Republic of Argentina*, 2005 WL 743086, at *5 (S.D.N.Y. Mar. 31, 2005) (district court granted motion to stay its own ruling, "conditioned on as prompt as possible appeal and a motion for an expedited appeal").  An administrative stay would ensure that the Ninth Circuit has a sufficient opportunity to consider briefing of a stay motion and thereby grant meaningful relief to prevent undisputed irreparable harms to Plaintiffs.

5

PLAINTIFFS' EMERGENCY MOTION FOR STAY PENDING APPEAL
*Assurance Wireless USA, L.P., et al. v. Reynolds, et al.*, Case No. 3:23-cv-00483-LB

Dated:  April 3, 2023

Respectfully submitted,

DLA PIPER LLP (US)

By: */s/ Peter Karanjia*

    Peter Karanjia (admitted *pro hac vice*)
    500 8th Street, NW
    Washington, DC 20004
    (202) 799-4000
    peter.karanjia@us.dlapiper.com
    Kathleen S. Kizer (SBN 246035)
    500 Mission Street, Suite 2400
    San Francisco, CA 94105
    (415) 836-2500
    kathy.kizer@us.dlapiper.com

    Ben C. Fabens-Lassen (SBN 348874)
    Gaspard Rappoport (SBN 340335)
    2000 Avenue of the Stars
    Suite 400, North Tower
    Los Angeles, CA 90067
    (310) 595-3000
    ben.fabens-lassen@us.dlapiper.com
    gaspard.rappoport@us.dlapiper.com

    Attorneys for Plaintiffs