Peter Karanjia (admitted *pro hac vice*)
**DLA PIPER LLP (US)**
500 8th Street, NW
Washington, D.C. 20004
Tel.:    (202) 799-4000
Email: peter.karanjia@us.dlapiper.com

Kathleen S. Kizer (SBN 246035)
**DLA PIPER LLP (US)**
500 Mission Street, Suite 2400
San Francisco, CA 94105
Tel.:    (415) 836-2500
Email: kathy.kizer@us.dlapiper.com

Ben C. Fabens-Lassen (SBN 348874)
Gaspard Rappoport (SBN 340335)
**DLA PIPER LLP (US)**
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, CA 90067
Tel.:    (310) 595-3000
Email: ben.fabens-lassen@us.dlapiper.com
Email: gaspard.rappoport@us.dlapiper.com

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| ASSURANCE WIRELESS USA, L.P.; METROPCS CALIFORNIA, LLC; SPRINT SPECTRUM LLC; T-MOBILE USA, INC.; and T-MOBILE WEST LLC, | Case No. 3:23-cv-00483-LB |
| Plaintiffs, | **PLAINTIFFS' REPLY IN SUPPORT OF THEIR EMERGENCY MOTION FOR A STAY PENDING APPEAL** |
| v. | Courtroom:  Courtroom B, 15th Floor |
| ALICE B. REYNOLDS, President of the California Public Utilities Commission, in her official capacity, et al., | Judge:        Hon. Laurel Beeler |
| Defendants. | Complaint Filed:  February 1, 2023 |

The CPUC's opposition to Plaintiffs' emergency motion for a stay of the CPUC's connections-based rule pending appeal ignores crucial issues of law and fact and concocts speculative and implausible theories of harm for the first time in this case.  Nothing in the opposition justifies denial of Plaintiffs' motion.  At a minimum, an administrative stay is warranted to afford the Ninth Circuit sufficient time to consider a stay motion before additional, ongoing, and irreparable harms are inflicted upon Plaintiffs.

*First*, the CPUC incorrectly assumes that because this Court denied Plaintiffs' motion for a preliminary injunction, grant of a stay would be improper.  *See* Opp. at 3-4.  If that were true—and it is not—a court that denied a preliminary injunction motion could *never* grant a stay pending appeal.  But the cases cited by Plaintiffs—and ignored by the CPUC—make clear that it is entirely appropriate to grant a stay pending appeal even where the court continues to believe its prior ruling rejecting the movant's arguments was correct.  *See, e.g.*, *Align Tech., Inc. v. SmileDirectClub, LLC*, 2023 WL 2347431, at *1 (N.D. Cal. Mar. 3, 2023) (granting stay even though the court "does not believe" the stayed portion of its ruling "was erroneous"); *Echevarria v. Aerotek, Inc.*, 2019 WL 3207812, at *2 (N.D. Cal. July 16, 2019) (granting stay despite rejecting movants' merits arguments, where movants presented "serious legal questions" and there was no binding Ninth Circuit precedent "squarely on point").  Moreover, in the absence of any on-point Supreme Court or Ninth Circuit precedent foreclosing Plaintiffs' Section 254(f) preemption claims—and neither the Court's preliminary injunction Order nor the CPUC cited any[1]—a stay is appropriate.  *See, e.g.*, *Mohamed v. Uber Techs.*, 115 F. Supp. 3d 1024, 1029 (N.D. Cal. 2015) (explaining that a "serious legal issue" or "substantial case" is "one that raises genuine matters of first impression within the Ninth Circuit," or which may "otherwise address a pressing legal issue which urges that the Ninth Circuit hear the case"); *Azurin v. Von Raab*, 792 F.2d 914, 915 (9th Cir. 1986) (granting stay where movant "raise[d] a number of serious and complex legal questions," "[t]he issues presented on appeal [were] substantial and of public importance," and "[t]here [was] a clear public interest in their proper resolution"); *Center for Int'l Environmental Law v. Office of U.S. Trade Representative*, 240 F.

[1] The CPUC (Opp. at 4) continues to rely on *Util. Reform Network v. Cal. Pub. Utils. Comm'n*, 26 F. Supp. 2d 1208, 1214 (N.D. Cal. 1997), but that is a non-precedential District Court decision that was never reviewed by the Ninth Circuit.

PLAINTIFFS' REPLY IN SUPPORT OF THEIR EMERGENCY MOTION FOR STAY PENDING APPEAL
*Assurance Wireless USA, L.P., et al. v. Reynolds, et al.*, Case No. 3:23-cv-00483

EAST\202162591.2

Supp. 2d 21, 22 (D.D.C. 2003) (granting stay pending appeal because, "although the Court ultimately did not agree with defendants' position on the merits," the "Court's decision centered on a novel and 'admittedly difficult legal question.'").  Indeed, the CPUC's suggestion that this Court's prior ruling forecloses a stay cannot be squared with case law holding that a stay may be warranted where the movant presents a "substantial case on the merits," *Leiva-Perez v. Holder*, 640 F.3d 962, 967 (9th Cir. 2011)—which this Court could find without concluding Plaintiffs are likely to succeed on appeal.  *See, e.g.*, *Duncan v. Becerra*, 2019 WL 1510340, at *1 (S.D. Cal. Apr. 4, 2019) (granting a stay pending appeal even though the movant "has *not made a strong showing . . . that he is likely to succeed on the merits*" because the case raised "important legal questions" and the movant "demonstrated a substantial case on the merits, which favors a stay" (emphasis added)).

*Second*, the CPUC misstates this Court's ruling crediting Plaintiffs' showing of irreparable harm. This Court never found that Plaintiffs "failed to adequately demonstrate irreparable harm," as the CPUC contends.  Opp. at 6-7.  Quite the opposite is true.  This Court correctly found that the CPUC "did not challenge the financial, reputational, and competitive harm that the plaintiffs allegedly will suffer."  PI Order at 17.  And the Court correctly summarized Plaintiffs' unrebutted testimony reflecting these financial and intangible harms.  *Id.* at 7-8.  Based on that testimony, the Court further found that if Plaintiffs are required to shoulder the costs of the new surcharges, then "*that is irreparable injury*" because "there is no road for recovery given the state's Eleventh Amendment immunity from suits for damages." *Id.* at 17 (emphasis added). The Court also correctly concluded that "eroding of good will under these circumstances would be irreparable injury too." *Id.*

To be clear, Plaintiffs "have to absorb the costs for their prepaid contracts" (PI Order at 17) because (i) Plaintiffs offer tax-inclusive plans at a fixed price that includes all taxes, fees, and surcharges, which prevents Plaintiffs from passing new, additional surcharges onto subscribers of these plans (Dkt. 4 at 30, Barnes Decl. ¶¶ 8, 22); and (ii) T-Mobile is subject to a binding commitment to the California Attorney General that it will make available in the California until April 2025 "the same or better smart phone consumer rate plans" that were offered in 2019, further preventing Plaintiffs from increasing prices by passing on surcharges to subscribers of tax-inclusive

plans (Dkt. 33 at 10).  In any event, even if Plaintiffs did not have to absorb these costs and could simply pass on these surcharges to subscribers of tax-inclusive plans (which they cannot), that would significantly disrupt Plaintiffs' popular tax-inclusive business model and harm Plaintiffs' customer goodwill and market share (Barnes Decl. ¶¶ 26-37; Dkt. 33 at 10-11)—which the law recognizes as distinct irreparable injuries.  PI Order at 17.

*Third*, the CPUC makes the counterintuitive argument that because the new rule has gone into effect and is *already* inflicting severe and irreparable harms on Plaintiffs—not to mention causing surcharges to surge by millions of dollars for Plaintiffs' customers with tax-exclusive plans—that is somehow reason to deny a stay pending appeal.  The opposite is true.  An emergency stay is even more critical, and necessary to forestall the serious, continuing, and irreparable harms to Plaintiffs.

The CPUC still does not—and cannot—claim that any of its Universal Service programs will be underfunded or will suffer any funding shortfall if the Court stays the connections-based rule. Rather, the CPUC asserts in a two-page declaration that the agency had hoped to "collect *more money* from the access-line surcharges" and suggests that it would not be able to do so if the rule is stayed.  *See* Osborn Decl. ¶ 6 (emphasis added).  But the CPUC staff previously acknowledged that it sets a budget and corresponding surcharge rates to ensure full funding for its Universal Service programs.  Dkt. 4-5 at 9.  Nothing in Mr. Osborn's declaration points to any funding shortfall— much less that there would be any funding shortfall *during the pendency of Plaintiffs' appeal*.  That is especially so given that the Ninth Circuit has already entered a briefing schedule that will result in Plaintiffs' appeal being fully briefed and ripe for resolution on the merits by June 20.  Ninth Cir. Dkt. 44.  The CPUC's new argument—never raised before—is also at odds with its prior (though equally unsubstantiated) assertion that retaining its revenues-based surcharge mechanism would be "unsustainable *in the long term*." Dkt. 28 (CPUC PI Opp.) at 5 (emphasis added). The Court should give no weight to the CPUC's shifting theories and unsupported assertions.

For similar reasons, the CPUC's belated claim that it is difficult to adjust its surcharge rates under a revenues-based mechanism because doing so requires public input and work on proposed Resolutions by Commission staff (Osborn Decl. ¶ 7) is entirely beside the point in the present context of a temporary stay during the pendency of Plaintiffs' appeal.

*Fourth*, the CPUC also claims that carriers and consumers may be "confused" if a stay is issued. Opp. at 8.  This is a curious argument, given that numerous individual consumers, consumer groups, and wireless carriers uniformly *opposed* the new rule.  *See* Dkt. 4-7 to 4-12.  If anything, consumers will be pleased not to have to pay higher surcharges while this appeal is pending.  Consumer group TURN, for example, calculated that the annual surcharge burden under the new rule would more than quadruple for a typical family with four wireless lines—from almost $13 to more than $53. Dkt. 4-10 at 1, 8-9.  At any rate, the CPUC's arguments about confusion are speculative and unsupported.  And the CPUC presents no evidence of any difficulty that carriers will have in simply reverting to how they have calculated and remitted surcharges for decades.  Lacking evidence from the carriers themselves, the CPUC's unsupported assertions are entitled to no weight.  *Cf. Nat'l Ventures Capital Ass'n v. Duke*, 291 F.Supp.3d 5, 17, 19-21 (D.D.C. 2017) (rejecting agency's arguments that court vacatur "would sow confusion and likely cause the waste of resources by multiple stakeholders with interests in [the] rulemaking" where "Defendants fail to show any real 'confusion'").

*Fifth*, the CPUC asserts that it will require "time and resources" to revert to the revenues-based reporting mechanism if the rule is stayed.  Osborn Decl. ¶ 4.  Mr. Osborne concedes that he is unable to offer even an "estimate" of these alleged costs.  These vague, theoretical, and unquantified harms are insufficient to forestall granting temporary injunctive relief.  *See, e.g., Casa de Maryland, Inc. v. Wolf*, 486 F. Supp. 3d 928, 970 (D. Md. 2020) ("For the … Rule, the Government contends that the agency will be irreparably harmed because such relief will require it to continue devoting more resources than it would like to meet its 30-day processing deadline…. Where the agency has functioned with this deadline since 1995, the Court does not find this argument persuasive") (staying rule that had already taken effect); *Washington v. U.S. Dep't of Homeland Sec.*, 2019 WL 7763825, at *3 (E.D. Wash. Dec. 3, 2019) (finding that the plaintiffs' substantiated unrecoverable injuries outweighed a government agency's "asserted pecuniary harms" and "administrative burdens" from a stay of the agency's "preparation for [its desired] rule change").

At bottom, the CPUC's new arguments concerning alleged harms boil down to the contention that, because the Order denying Plaintiffs' preliminary injunction motion was issued right as the

connections-based rule came into effect, it is now too late to grant a stay.  Neither the law nor principles of equity support that contention.

Finally, the CPUC does not explain why—at the very least—a brief, administrative stay is unwarranted. *See Doe #1 v. Trump*, 944 F.3d 1222, 1223 (9th Cir. 2019) ("A temporary stay in this context (sometimes referred to as an administrative stay) is … does not constitute in any way a decision as to the merits of the motion for stay pending appeal.").

## CONCLUSION

The Court should grant this Motion and stay the connections-based rule pending Plaintiffs' appeal or, in the alternative, grant an administrative stay of the rule pending the Ninth Circuit's ruling on a motion for a stay pending appeal.

Dated:  April 7, 2023

Respectfully submitted,

DLA PIPER LLP (US)

By:  */s/ Peter Karanjia*

Peter Karanjia (admitted *pro hac vice*)
500 8th Street, NW
Washington, DC 20004
(202) 799-4000
peter.karanjia@us.dlapiper.com

Kathleen S. Kizer (SBN 246035)
500 Mission Street, Suite 2400
San Francisco, CA 94105
(415) 836-2500
kathy.kizer@us.dlapiper.com

Ben C. Fabens-Lassen (SBN 348874)
Gaspard Rappoport (SBN 340335)
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, CA 90067
(310) 595-3000
ben.fabens-lassen@us.dlapiper.com
gaspard.rappoport@us.dlapiper.com

Attorneys for Plaintiffs