United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

ASSURANCE WIRELESS USA, L.P., et al.,

Plaintiffs,

v.

ALICE B. REYNOLDS, et al.,

Defendants.

Case No. 23-cv-00483-LB

**ORDER DENYING MOTION FOR A STAY PENDING APPEAL**

Re: ECF No. 39

The plaintiffs — T-Mobile and three of its subsidiaries — are wireless carriers that challenge a new California Public Utilities Commission (PUC) rule that changes how California funds universal-service programs, which expand public access to communications services. Under the federal Telecommunications Act, the federal government and states both fund universal service: the FCC assesses surcharges on common carriers' interstate and international services, and states assess surcharges on the carriers' intrastate services. The FCC assesses its surcharges based on a percentage of carriers' interstate revenues. California has done the same for intrastate revenues, but under its new rule, beginning April 1, 2023, it will assess surcharges as a flat rate per access

United States District Court
Northern District of California

line. (An access line is a telephone number, essentially.) The FCC has considered, but has not adopted, a similar flat-rate approach.[1]

Under the Telecommunications Act, 47 U.S.C. § 254(f), a state's rule cannot be "inconsistent with" the FCC's rule, and it must be competitively neutral, meaning that it cannot unfairly favor one provider over another or one technology over another. The plaintiffs moved for a preliminary injunction on the grounds that the PUC's new flat-rate rule is (1) inconsistent with the FCC's percent-of-revenue rule (and thus expressly preempted by it) and (2) not competitively neutral because it shifts the funding burden from local-exchange carriers (that derive revenue largely from intrastate voice services) to wireless carriers like the plaintiffs (that derive revenue principally from interstate services, particularly mobile broadband). The court denied the motion on the ground that the plaintiffs did not satisfy the standard for an injunction.[2] The plaintiffs appealed that decision.[3]

The plaintiffs now move for a stay of the new PUC rule pending the appeal. Alternatively, they move for an administrative stay until the Ninth Circuit decides the stay issue.[4] The defendants oppose the motion generally on the ground that the plaintiffs offer nothing new compared to their preliminary-injunction motion.[5] The court denies the plaintiffs' motion for a stay for the reasons set forth in the denial of the preliminary-injunction motion.

The motion is, technically, a motion for an injunction pending appeal rather than a traditional "stay" pending appeal. "Whereas 'the extraordinary remedy of injunction' is the means by which a court 'directs the conduct of a party[,] . . . a stay operates only 'upon the judicial proceeding itself . . . either by halting or postponing some portion of the proceeding, or by temporarily divesting an order of enforceability.'" *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (quoting *Nken*

---

[1] Order – ECF No. 37 at 1–2 (summarizing Compl. – ECF No. 1). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 1–2, 9–18.

[3] Notice of Appeal – ECF No. 38; *Assurance Wireless USA, L.P. v. Reynolds*, No. 23-15490 (9th Cir. docketed April 4, 2023).

[4] Mot. – ECF No. 39.

[5] Opp'n – ECF No. 45.

*v. Holder*, 556 U.S. 418, 428 (2009)); Fed. R. App. P. 8(a)(1)(A), (C). Whether the new rule should be "stayed" is a question of whether the defendants' conduct should be enjoined, and the court has already denied a preliminary injunction. The issue thus is whether (or under what circumstances) the court should enjoin the PUC's new rule pending appeal when it has already denied a motion to preliminary enjoin the rule.

"A party must ordinarily move first in the district court for . . . an order suspending, modifying, restoring, or granting an injunction while an appeal is pending." Fed. R. App. P. 8(a)(1)(C). In the district court, "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). "Rule 62 is . . . a recognition of the long established right of the trial court, after an appeal, to make orders appropriate to preserve the status quo while the case is pending in the appellate court." *United States v. El-O-Pathic Pharmacy*, 192 F.2d 62, 79 (9th Cir. 1951).

Generally, "[t]he standard for obtaining an injunction pending appeal [is] the same as the standard for obtaining a preliminary injunction." *Feldman v. Arizona Sec'y of State's Off.*, 843 F.3d 366, 374 (9th Cir. 2016); *GB Cap. Holdings, LLC v. S/V Glori B*, No. 18CV312-WQH-AGS, 2019 WL 13255448, at *4 (S.D. Cal. Feb. 25, 2019) (same); *Andrews v. Countrywide Bank, NA*, No. C15-0428JLR, 2015 WL 1599662, at *2 (W.D. Wash. Apr. 9, 2015) (same); *see Tribal Vill. of Akutan v. Hodel*, 859 F.2d 662, 663 (9th Cir. 1988) (in evaluating an appeal from a preliminary injunction, the Ninth Circuit "appl[ies] the standard employed by district courts when considering a motion for a preliminary injunction"). Here, the court already denied a preliminary injunction.[6]

The plaintiffs cite cases that applied the *Nken* factors to a motion for a "stay" pending appeal.[7] But in those cases, the courts considered a stay of judicial proceedings or of a court order. For example, in *Align Tech., Inc. v. SmileDirectClub, LLC*, the court first denied in part the

---

[6] Order – ECF No. 37.

[7] Reply – ECF No. 46 at 2–3.

United States District Court
Northern District of California

defendants' request to seal information and then considered whether to stay that decision pending appeal. No. 23-CV-00023-EMC, 2023 WL 2347431, at *1–2 (N.D. Cal. Mar. 3, 2023). The court applied the four factors in *Nken*, 556 U.S. at 434: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Align Tech.*, 2023 WL 2347431, at *1. Practically, the district court granted the unopposed motion to stay because denying relief would result in the public filing of the sealed information, effectively gutting the appeal. *Id.*; *accord Ctr. for Int'l Env't Law v. Office of the U.S. Trade Representative*, 240 F. Supp. 2d 21, 22 (D.D.C. 2003) (stayed a FOIA order to release trade negotiations because it was an issue of first impression that was novel and difficult, and disclosure of the FOIA information would render the appeal moot).

Similarly, *Echevarria v. Aerotek, Inc.* involved the stay of a court order. The court there granted the plaintiff's motion to remand the case to state court on the ground that the court had dismissed all federal claims and should decline supplemental jurisdiction over the state claim. No. 16-CV-04041-BLF, 2019 WL 3207812, at *1 (N.D. Cal. July 16, 2019). But the court stayed that order "for thirty days to afford [the defendant] an opportunity to file a notice of appeal before the case was remanded," and the defendant then filed a motion to stay pending appeal. *Id.* The court applied the *Nken* factors. *Id.*; *see also Mohamed v. Uber Techs.*, 115 F. Supp. 3d 1024, 1026–28 (N.D. Cal. 2015) (applying the *Nken* factors to decide whether to stay the proceedings pending appeal of an order denying a motion to compel arbitration); *Duncan v. Becerra*, No. 17-CV-1017-BEN-JLB, 2019 WL 1510340, at *1–3 (S.D. Cal. Apr. 4, 2019) (applying the *Nken* factors to decide whether to stay a judgment issuing a permanent injunction pending appeal).

The *Nken* factors do not apply here because "instead of directing the conduct of a particular actor, a stay operates upon the judicial proceeding itself. It does so either by halting or postponing some portion of the proceeding, or by temporarily divesting an order of enforceability." 556 U.S. at 428–30. Here, a stay of the proceedings (the order denying a preliminary injunction) would not enjoin the new PUC rule. Thus, the inquiry is whether the new rule should be enjoined pending

appeal, and that issue is the same as whether the rule should be preliminarily enjoined. *Feldman*, 843 F.3d at 374.

In any case, even applying the *Nken* factors, the result is the same. In applying those factors, the court uses a "sliding scale," meaning that the factors are "balanced" so that "a stronger showing of one element may offset a weaker showing of another." *Leiva-Perez*, 640 F.3d at 964–66 (quoting in part *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)); *Kum Tat Ltd. v. Linden Ox Pasture, LLC*, No. 14-cv-02857-WHO, 2015 WL 674962, at *2 (N.D. Cal. Feb. 17, 2015). Under this sliding-scale approach,

> a moving party who cannot show a strong likelihood of success on the merits may nonetheless be entitled to a stay where he shows that his appeal "raises serious legal questions, or has a reasonable probability or fair prospect of success." *Leiva-Perez*, 640 F.3d at 971. A party satisfying this lower threshold under the first *Nken* factor is not required to show that it is more likely than not to win on the merits, but must then demonstrate that the balance of hardships under the second and third factors tilts sharply in its favor.

*Kum Tat*, 2015 WL 674962, at *2 (cleaned up). This is mostly (if not entirely) the same as the preliminary-injunction test.[8] *Lair v. Bullock*, 697 F.3d 1200, 1203 n.2 (9th Cir. 2012) ("[t]here is substantial overlap" between the stay factors "and the factors governing preliminary injunctions"). For example, a preliminary injunction may be appropriate when a movant raises "serious questions going to the merits" and the "balance of hardships tips sharply in the plaintiff's favor." *Cottrell*, 632 F.3d at 1134–35. The test described in *Leiva-Perez* allows for a stay in the same circumstances. 640 F.3d at 967–68 (the phrases "reasonable probability," "fair prospect," and "serious legal questions" are "essentially interchangeable"). And as with preliminary injunctions, for purposes of a stay pending appeal, "the third and fourth factors . . . merge where . . . the government is the opposing party." *Id.* at 970.

The court denies the motion for the reasons it denied a preliminary injunction. In short, the court analyzed 47 U.S.C. § 254(f), which gives states discretion to determine surcharges to advance universal service, and held that California's new surcharge rule was different than (but

[8] Order – ECF No. 37 at 8–9.

not inconsistent with) the FCC's surcharge rule to promote universal service, in fact advanced universal service, and was not expressly preempted. It also held that the new rule did not unfairly discriminate against the plaintiffs.[9] In sum, the plaintiffs did not show a likelihood of success on the merits or serious questions going to the merits, and the balance of equities and the public interest in any event did not tip in their favor. (The plaintiffs did establish irreparable injury.)[10]

Finally, citing *Doe #1 v. Trump*, the defendants contend that the court should administratively stay the new rule until the Ninth Circuit decides whether to issue a stay.[11] 944 F.3d 1222, 1223 (9th Cir. 2019). In *Doe #1*, the Ninth Circuit considered whether to grant a "temporary stay" of the district court's order preliminarily enjoining a presidential proclamation suspending entry into the United States of certain immigrants. *Id.* The Ninth Circuit denied a stay because it would set aside an injunction and disrupt the status quo: "[a] temporary stay in this context (sometimes referred to as an administrative stay) is . . . intended to preserve the status quo until the substantive motion for a stay pending appeal can be considered on the merits." *Id.* By contrast here, the court did not enjoin the new rule. In any event, the court does not stay the case pending the Ninth Circuit's consideration of a stay.

The court denies the plaintiffs' motion for a stay or injunction pending appeal. This resolves ECF No. 39.

**IT IS SO ORDERED.**

Dated: April 9, 2023

LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California

---

[9] *Id.* at 14–17.

[10] *Id.* at 17–18.

[11] Mot. – ECF No. 39 at 7.